## Dunmore Borough v. Dunmore School District.

J. W. McDonald, Borough Solicitor, for plaintiff.
F. M. Walsh, for defendant.

MAXEY, J., June 23, 1930.—This is a proceeding to strike off a municipal lien covering the costs of constructing a sidewalk in front of a property owned at that time by the School District of the Borough of Dunmore.

In support of the contention of the counsel for the petitioners he cites section 631 of the Act of May 18, 1911 [P. L. 309], commonly known as the School Code. This act was modified by section 5 of the Act of May 16, 1923, P. L. 207, which allows the municipality to file a municipal claim "for the recurbing, paving, repaving or repairing the footways in front thereof."

In the opinion of Mr. Justice Sadler in the case of Wilkinsburg Borough v. School District, 298 Pa. 193, 197, he says in part:

"Property of municipal subdivisions of the state cannot be assessed unless some statute expressly so provides, and no exemption law is needed to relieve lands held for public purposes from such charges. . . . To justify a municipal claim in such instances, express statutory authority must be shown. There is no presumption of an intention to permit such charge, but a clear direction to this effect must appear. . . . In the present case the school district is liable only where expressly charged by the statute, which is to be strictly construed and is limited to the building of . . . sewers and sewer connections."

The learned justice in the above case apparently concedes that the school district will be liable for the cost of the sewers and sewer connections, and refers to the Act of 1923, supra.

In view of the express authority given by the legislature to file a municipal lien against a school district for sewers and sewer connections or the paving, repairing, etc., of a sidewalk, we are of the opinion that the lien in this case being for the construction of the sidewalk in front of one of the buildings of said school district is a valid one.

Therefore, now, to wit, June 23, 1930, the rule to show cause why the lien in the above entitled case should not be stricken off is discharged.

From William A. Wilcox, Scranton, Pa.